IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **OPTICAL MEMORY STORAGE, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**CMC MAGNETICS CORP.,**<br>**HOTAN CORP.,**<br>**FUJIFILM HOLDINGS CORP.,**<br>**FUJIFILM HOLDINGS AMERICA**<br>**CORP.,**<br>**FUJIFILM U.S.A. INC.,**<br>**FUJIFILM RECORDING MEDIA U.S.A.,**<br>**INC.**<br>**HEWLETT-PACKARD CO.,**<br>**IMATION CORP.,**<br>**MOSER BAER INDIA LIMITED,**<br>**MOSER BAER TECHNOLOGIES, INC.,**<br>**RITEK CORP.,**<br>**ADVANCED MEDIA, INC.,**<br>**ROYAL PHILIPS ELECTRONICS N.V.,**<br>and<br>**PHILIPS ELECTRONICS NORTH**<br>**AMERICA CORP.,**<br>Defendants. | Civil Action No. 6:10-cv-586<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Optical Memory Storage, LLC ("OMS") files this Complaint against CMC

Magnetics Corp., Hotan Corp., Fujifilm Holdings Corp., Fujifilm Holdings America Corp.,

Fujifilm North America Corp., Fujifilm Recordings Media U.S.A., Inc., Hewlett-Packard Co.,

Imation Corp., Moser Baer India Limited, Moser Baer Technologies, Inc., Ritek Corp.,

Advanced Media, Inc., Royal Philips Electronics N.V., Philips Electronics North America Corp.,

(collectively referred to as "Defendants") for infringement of U.S. Patent No. 5,128,099 ("the

'099 patent").

1

## THE PARTIES

1.      OMS is a Delaware limited liability company with its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

## CMC

2.      On information and belief, CMC Magnetics Corp. is incorporated under the laws of Taiwan with its principal place of business at 53 Ming Chuan West Road, 15th Floor, Taipei, Taiwan, R.O.C.  CMC Magnetics Corp. may be served at its principal place of business at 53 Ming Chuan West Road, 15th Floor, Taipei, Taiwan, R.O.C.

3.      On information and belief, Hotan Corp. is a wholly-owned subsidiary of CMC Magnetics Corp. and is a California corporation with its principal place of business at 751 North Canyon Parkway, Livermore, California 94551-9479.  Hotan Corp.'s registered agent for service in California is Robert Tsai, 751 North Canyons Parkway, Livermore, California 94551. Defendants CMC Magnetics Corp. and Hotan Corp. are collectively referred to as "CMC."

4.      On information and belief, this Court has personal jurisdiction over CMC because CMC has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

## FUJIFILM

5.      On information and belief, Fujifilm Holdings Corp. is incorporated under the laws of Japan with its principal place of business at Midtown West, 7-3, Akaska 9-chome, Minato-ku, Tokyo, 107-0052, Japan.  Fujifilm Holdings Corp. may be served at its principal place of business at Midtown West, 7-3, Akaska 9-chome, Minato-ku, Tokyo, 107-0052, Japan.

2

6.     On information and belief, Fujifilm Holdings America Corp. is a Delaware corporation and a wholly-owned subsidiary of Fujifilm Holdings Corp. with its principal place of business at 200 Summit Lake Drive, Valhalla, New York 10595. Fujifilm Holding America Corp.'s registered agent for service of process in Delaware is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7.     On information and belief, Fujifilm U.S.A., Inc. is a New York corporation and a wholly-owned subsidiary of Fujifilm Holdings Corp. with its principal place of business at 200 Summit Lake Drive, Valhalla, New York 10595. Fujifilm U.S.A., Inc.'s registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8.     On information and belief, Fujifilm Recording Media U.S.A., Inc. is a Delaware corporation and a wholly owned subsidiary of Fujifilm Holdings Corp. with its principal place of business at 200 Summit Lake Drive, Valhalla, New York 10595. Fujifilm Recording Media U.S.A., Inc.'s registered agent for service of process in Delaware is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Defendants Fujifilm Holdings Corp., Fujifilm Holdings America Corp., Fujifilm North America Corp., and Fujifilm Recording Media U.S.A., Inc. are collectively referred to as "Fujifilm."

9.     On information and belief, this Court has personal jurisdiction over Fujifilm because Fujifilm has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

3

## HEWLETT-PACKARD

10.     On information and belief, Hewlett-Packard Co. is a California corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304-1185. Hewlett Packard Co.'s registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendant Hewlett-Packard Co. is referred to as "HP."

11.     On information and belief, this Court has personal jurisdiction over HP because HP has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

## IMATION

12.     On information and belief, Imation Corp. is a Delaware corporation with its principal place of business at 1 Imation Way, Oakdale, Minnesota 55128-3414. Imation Corp.'s registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Defendant Imation Corp. is referred to as "Imation."

13.     On information and belief, this Court has personal jurisdiction over Imation because Imation has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

## MOSER BAER

14.     On information and belief, Moser Baer India Limited is incorporated under the laws of India with its principal place of business at 43B, Okhla Industrial Estate, New Delhi,

4

India 110020. Moser Baer India Limited may be served at its principal place of business at 43B, Okhla Industrial Estate, New Delhi, India 110020.

15.     On information and belief, Moser Baer Technologies, Inc. is a wholly-owned subsidiary of Moser Baer India Limited with its principal place of business at 5450 Campus Drive, Suite 200, Canandaigua, New York 14424. Moser Baer Technologies, Inc.'s registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendants Moser Baer India Limited and Moser Baer Technologies, Inc. are collectively referred to as "Moser Baer."

16.     On information and belief, this Court has personal jurisdiction over Moser Baer because Moser Baer has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

## RITEK

17.     On information and belief, Ritek Corporation is incorporated under the laws of Taiwan with its principal place of business at 42, Kuan-Fu North Road, Hsin-Chu Industrial Park, 30316, Taiwan. Ritek Corporation may be served at its principal place of business at 42, Kuan-Fu North Road, Hsin-Chu Industrial Park, 30316, Taiwan.

18.     On information and belief, Advanced Media, Inc., d/b/a Ritek USA, is a wholly-owned subsidiary of Ritek Corp. with its principal place of business at 1440 Bridgegate Drive, Suite 395, Diamond Bar, California 91765. Advanced Media, Inc.'s registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendants Ritek Corp. and Advanced Media, Inc. are collectively referred to as "Ritek."

19.     On information and belief, this Court has personal jurisdiction over Ritek because Ritek has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

## PHILIPS

20.     On information and belief, Royal Philips Electronics N.V. is incorporated under the laws of the Netherlands with a principal place of business at Breitner Center, Amstelplein 2, Amsterdam, 1096 BC, Netherlands. Royal Philips Electronics NV may be served at its principal place of business at Breitner Center, Amstelplein 2, Amsterdam, 1096 BC, Netherlands.

21.     On information and belief, Philips Electronics North America Corp. is a Delaware corporation and a wholly-owned subsidiary of Royal Philips Electronics N.V. with its principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810. Philips Electronics North America Corp.'s registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendants Royal Philips Electronics N.V. and Philips Electronics North America Corp. are collectively referred to as "Philips."

22.     On information and belief, this Court has personal jurisdiction over Philips because Philips has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

6

## JURISDICTION AND VENUE

23.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

24.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district and/or has regular and established places of business in this judicial district.

25.     Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 5,128,099)

26.     OMS incorporates paragraphs 1 through 29 herein by reference.

27.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, *et seq.*

28.     OMS is the exclusive licensee of the '099 patent, entitled "Congruent State Changeable Optical Memory Material and Device," with ownership of all substantial rights in the '099 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '099 patent is attached as Exhibit A.

7

29.     The '099 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

30.     On information and belief, CMC is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by among other things, making, using, offering for sale,, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, CD-RW, DVD-RW, DVD-RAM, Mini CD-RW and BD-RE discs ("CMC Discs"). CMC and users of CMC's Discs have, at a minimum, directly infringed the '099 patent and CMC is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

31.     On information and belief, Fujifilm is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by among other things, making, using, offering for sale,, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, CD-RW, DVD-RW and DVD-RAM discs ("Fujifilm Discs"). Fujifilm and users of Fujifilm's Discs have, at a minimum, directly infringed the '099 patent and Fujifilm is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

32.     On information and belief, HP is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by among other things, making, using, offering for sale,, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, CD-RW and DVD-RW discs ("HP Discs"). HP and users of HP's Discs have, at a minimum, directly

8

infringed the '099 patent and HP is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

33.    On information and belief, Imation is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by among other things, making, using, offering for sale,, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, CD-RW, DVD-RW and BD-RE discs ("Imation's Discs"). Imation and users of Imation's Discs have, at a minimum, directly infringed the '099 patent and Imation is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

34.    On information and belief, Moser Baer is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by among other things, making, using, offering for sale,, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, DVD-RW and BD-RE discs ("Moser Baer Discs"). Moser Baer and users of Moser Baer's Discs have, at a minimum, directly infringed the '099 patent and Moser Baer is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

35.    On information and belief, Ritek is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by among other things, making, using, offering for sale,, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, CD-RW, DVD-RW, DVD-RAM and Mini DVD-RW discs ("Ritek Discs"). Ritek and users of Ritek's Discs have, at a minimum, directly infringed the '099 patent and Ritek is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

36.     On information and belief, Philips is jointly, directly and/or indirectly infringing one or more claims of the '099 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by among other things, making, using, offering for sale,, selling and/or importing apparatuses that infringe the '099 patent including, but not limited to, CD-RW, DVD-RW and BD-RE discs ("Philips Discs"). Philips and users of Philips' Discs have, at a minimum, directly infringed the '099 patent and Philips is thereby jointly and severally liable for infringement of the '099 patent pursuant to 35 U.S.C. § 271.

37.     OMS has been damages as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to OMS in an amount that adequately compensates OMS for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38.     Further, the infringement by each Defendant identified in this Count has been willful as each such Defendant has had notice of the '099 patent since at least service of this Complaint on such Defendant and/or its affiliated entity identified herein. With knowledge of the '099 patent, each such Defendant has acted despite an objectively high likelihood that its actions constitute infringement of the '099 patent and a subjective knowledge or obviousness of such risk.

## JURY DEMAND

OMS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

OMS requests that the Court find in its favor and against Defendants, and that the Court grant OMS the following relief:

a.  Judgment that one or more claims of the '099 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.  Judgment that Defendants account for and pay to OMS all damages to and costs incurred by OMS because of Defendants' infringing activities and other conduct complained of herein;

c.  Judgment that Defendants account for and pay to OMS a reasonable, on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.  That Defendants' infringements be found to be willful from the time that Defendants became aware of the infringing nature of their respective products and services, which is the time of filing of Plaintiff's Original Complaint, at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.  That OMS be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f.  That this Court declare this an exceptional case and award OMS its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g.  That OMS be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED:       November 4, 2010                    Respectfully submitted,

                                                 **THE SIMON LAW FIRM, PC**

                                                 /s/ Timothy E. Grochocinski
                                                 Timothy E. Grochocinski
                                                 Anthony G. Simon
                                                 701 Market Street, Suite 1450
                                                 Saint Louis, Missouri 63101
                                                 teg@simonlawpc.com
                                                 asimon@simonlawpc.com

                                                 *ATTORNEYS FOR PLAINTIFF*

12